# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SECOND GRAND DIVISION.

### JANUARY TERM, 1869.

## NOAH F. McNAUGHT

*v.*

## WILLIAM R. DODSON.

MEASURE OF DAMAGES—*in action by vendor against vendee for refusing to receive the property sold.* Where a purchaser of personal property which was to be delivered at a specified place on a certain day and at a stipulated price, refuses to receive and pay for it, the price in the meantime having declined, in an action by the vendor against his vendee for refusing to comply with his contract, it seems the proper rule of damages is the difference between the contract price and the current price at the place of delivery.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Mr. L. Weldon and Messrs. Greene & Littler, for the appellant.

Messrs. Tipton, Benjamin & Rowell, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, brought to the McLean Circuit Court by William R. Dodson, against Noah F. McNaught, to recover damages for breach of a verbal contract made by plaintiff with defendant, to sell and deliver to him at Towanda, on a day named, 110 head of hogs, of a certain weight and description, at the price of $6.75 per 100 pounds.

The cause was tried by a jury, and a verdict rendered for the plaintiff for $300 damages. A motion for a new trial was overruled, and judgment entered on the verdict.

To reverse this judgment the defendant appeals to this court, and makes, as his principal point, the verdict was against the evidence.

Much evidence from many witnesses on both sides was given to the jury, which we have carefully examined, and are satisfied it fully sustains the verdict, and would have justified the jury in awarding heavier damages.

The plaintiff proved a full compliance with all the terms of the contract, both as to the number, quality, weight and place and time of delivering, and a sufficient tender of the least number bargained for by the defendant.

The plaintiff had at Towanda, on the day stipulated, a lot of 133 hogs, of the best quality, fully averaging up to the contract in every particular, from which lot he proffered to the defendant the selection of the number he had agreed to buy, but which he declined doing, and objected to any other person doing it.

There was some controversy about the price to be paid, defendant claiming that it was $6.50 per cwt., but the weight of the evidence most clearly is, it was $6.75, as alleged in the declaration. There was some controversy, also, as to a 'fact set up by defendant, of a transfer of the contract to other parties, his brother being one of them, but the evidence fails to establish it.

The evidence, however, does quite conclusively establish the fact, that live hogs were worth, on the day of the delivery of these at Towanda, but $5.25 per cwt. This may have operated with the defendant to decline the hogs at the price agreed. The morality of this, we leave out of the question—the legal right to do so, on that account, has no existence.

It further sufficiently appears in evidence, that the defendant, on the day, had no funds out of which he could have paid for the hogs. The plaintiff being ready to deliver and actually tendering the required number of hogs at the time and place agreed, is, upon every principle of law and justice, entitled to recover from one who makes default in performance on his part, such damages as he may show he has reasonably sustained.

Adopting, as a proper rule, the difference between the contract price and the current price at the place where delivered, the verdict would have been greater than the jury found, so that there can be no complaint on that score.

This was a case peculiarly for the consideration of the jury. Many witnesses were examined on both sides, on all points in controversy, and the jury found as we would have found, if sitting in their place. There is no ground, whatever, for the interference of this court. The evidence sustains the verdict, and no question of law is raised.

The judgment is affirmed.

*Judgment affirmed.*